FILED IN OPEN COURT

MAY - 8 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:18-CR-158 |
| v. | ) | |
| | ) | |
| HUGO ISTMAR VELASQUEZ-MARQUEZ | ) | |
| a/k/a "Hugo Istmar Valasquez-Marquez," | ) | |
| a/k/a "Juan Gevara," | ) | |
| a/k/a "Marcus Istmar Velasquez," | ) | |
| a/k/a "Hugo Velasquez," | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and Hugo Istmar Velasquez-Marquez (Defendant) agree that at trial the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Defendant is a citizen of El Salvador and has no valid claim to either United States citizenship or any lawful status in the United States.

2. On or about December 2, 2011 Defendant was ordered removed by a designated official pursuant to a Final Administrative Removal Order in removal proceedings under Section 238(b) of the Immigration and Nationality Act.

3. On or about December 16, 2011, Defendant was removed to El Salvador at or near Alexandria, Louisiana, pursuant to the valid order of removal.

4. On or about September 23, 2016, Defendant was removed to El Salvador at or near Alexandria, Louisiana, pursuant to the prior, valid order of removal.

5. On or about February 10, 2017, Defendant was removed to El Salvador at or near Houston, Texas, pursuant to the prior, valid order of removal.

6. Sometime after Defendant's removal on or about February 10, 2017, he voluntarily and illegally reentered the United States.

7. On or about August 5, 2017, U.S. Immigration and Customs Enforcement (ICE) received information that Defendant was present in the United States, specifically in Arlington County, Virginia, in the Eastern District of Virginia. A records check revealed that he was previously removed from the United States.

8. At no time prior to Defendant's reentry into the United States did Defendant obtain permission from the U.S. Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

9. This statement of facts includes those facts necessary to support Defendant's guilty plea to one count of 8 U.S.C. § 1326(a). It does not include each and every fact known to Defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding Defendant's case.

10. The actions of Defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

## Defendant's Stipulation and Signature

I have had this Statement of Facts translated for me into Spanish. After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that if the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

April 25, 2018 _____

Hugo Istmar Velasquez-Marquez
Defendant

## Defense Counsel's Signature

I am the attorney for the defendant in this case, Hugo Istmar Velasquez-Marquez. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

April 25, 2018 _____

Kevin Wilson, Esq.
Defense Counsel

4

Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

Date: ~~April~~ May 8, 2018

By: /s/ Carlton Davis

Carlton Davis
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3783
carlton.j.davis@usdoj.gov

3